IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-mj-03000-CBS

UNITED STATES OF AMERICA,

 Plaintiff,

 v.

1. MOHAMMED WALI ZAZI,

 Defendant.

---

**GOVERNMENT'S NOTICE REGARDING ITS INTENT NOT TO USE CLASSIFIED MATERIAL AT THE PRELIMINARY HEARING AND RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR FULL DISCLOSURE OF FOREIGN INTELLIGENCE ACT ("FISA") EVIDENCE, TRANSFER OF CASE TO DISTRICT COURT JUDGE AND SUPPRESSION OF EVIDENCE OBTAINED UNDER FISA [#17]**

---

The United States of America, by and through David Gaouette, United States Attorney for the District of Colorado, Tim R. Neff and Gregory Holloway, Assistant United States Attorneys, and William M. Narus, Trial Attorney, Counterterrorism Section, United States Department of Justice, hereby provides the following Notice regarding its intent not to use classified information at the hearing scheduled for October 9, 2009, and hereby files its response and opposition to the defendant Mohammed Wali Zazi's motion for full disclosure, transfer to a district court judge, and suppression.

## BACKGROUND

On September 19, 2009, agents of the Federal Bureau of Investigation ("FBI") arrested the defendant Mohammed Wali Zazi on a one-count complaint that alleged he made false statements to an FBI agent when interviewed earlier that week.  The defendant made his initial appearance on Monday, September 21, 2009.  The government agreed with defense counsel that appropriate conditions could be set to secure the defendant's presence at future proceedings.  The government filed notice of its intent to use information obtained using the Foreign Intelligence Surveillance Act (1978), as amended (FISA). [#4]

On September 24, 2009, the defendant returned to court to address the conditions of release.  The pretrial services officer informed the Court that a residence suitable for electronic monitoring could not be established until early the following week.  The government had no objection to releasing the defendant and relaxing temporarily the condition of electronic monitoring.

At the hearing, counsel for the defendant moved to have the matter reassigned to a district judge and for notice of material the government intended to introduce at the preliminary hearing that had been obtained pursuant to FISA.  The Court stated that it does not consider a preliminary hearing to be vehicle to obtain discovery or to litigate suppression matters.  The Court's

minute order states that the government must provide, no later than Monday, October 5, 2009, notice to the Court and to defense counsel, indicating the extent of information obtained under FISA.[1]  At the government's request, and with the defendant's concurrence, the Court set a preliminary hearing for Friday, October 9, 2009 at 1:30 p.m.

**NOTICE**

A.    The Government Does Not Intend to Introduce Classified Material at the Hearing on October 9, 2009

As an initial matter, the Government notes that Fed. R. Crim. P. 5.1(a)(2) provides that a defendant's right to a preliminary hearing does not apply in a case where the defendant is charged by indictment.  Recognizing that the defendant is presently charged by complaint, the government expects that intervening events will obviate the need for the scheduled preliminary hearing.

In the unlikely event that a preliminary hearing does occur, the government does not intend to introduce any classified material.  Instead the government will rely upon the four corners of the complaint to satisfy its burden that there is probable cause to believe that this defendant violated Title 18, United

---

[1]As discussed *infra*, the government did not understand the Court to be ordering the government to indicate the extent of information obtained pursuant to FISA during the course of this investigation.

States Code, Section 1001, when he denied that he had spoken to Individual B about Individual A's activities or any possible trouble regarding Individual A. (Both Individual A and B are referenced in the affidavit supporting complaint [#1] and are known to law enforcement.)

B.    The Government Objects to Disclosing the Extent of All Information Obtained Pursuant to FISA

The government would object to an order that it provide general notice to the Court and defense counsel of the extent of all information obtained pursuant to FISA during the course of this investigation.

First, the government did not understand the Court's order at the hearing on September 24, 2009, to be a general order that the government provide notice of material obtained by FISA during the investigation.  Indeed, the Court made clear that the preliminary hearing would not be a discovery mechanism.  The Court also pointed out that the preliminary hearing is not the time to address suppression issues, citing cases addressing similar issues in detention hearings such as *United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992) (affirming District Court's decision to consider challenged evidence in detention hearing), and *United States v. Angiulo*, 755 F.2d 969, 974 (1st Cir. 1985) (affirming District Court's reliance on evidence

obtained by electronic surveillance despite legal challenge to evidence by defendant).  As such, the defendant's motion falls outside the parameters by which this Court has indicated that the hearing will occur and should be denied on that basis alone.

The government agrees with the Court that a preliminary hearing does not trigger broad discovery obligations on behalf of the government and is not an appropriate forum for litigating suppression issues.  By this pleading, the government has responded to the Court's order and provided notice that it does not expect a preliminary hearing to occur; that it will not introduce classified material at a preliminary hearing; and that the unclassified material will include intercepted telephone calls derived from lawfully-authorized electronic surveillance.

Second, should the government have misunderstood the Court's order, that is, should the Court be ordering the government to provide notice to both the Court and the defendant of information obtained pursuant to FISA in the course of this investigation, the government would respectfully object.

Much of the information which would be subject to the Court's order remains classified.  It is well established that the government has a compelling interest in protecting national security information.  *See Dept. of Navy v. Egan*, 484 U.S. 518, 527 (1988).  As an acknowledgment of the government's interest in

protecting classified information, FISA sets out specific procedures regarding the disclosure of the existence of electronic surveillance and physical search authority granted pursuant to its strictures.  Similar rules govern the use of FISA information and there are specific procedures to address challenges to the use of FISA materials.  More specifically, Title 18, United States Code, Section 1806(f), provides that the government may proceed in camera and ex parte upon the filing of a declaration under oath by the Attorney General asserting that disclosure of FISA information would harm the national security of the United States. The government fully intends to address any motion to suppress or any other order to disclose FISA information under the provisions of FISA.  As such, if in fact the Court is requiring the government to disclose the full extent of the use of FISA in this case, information which is classified, the government respectfully requests the Court stay proceedings pending an appeal of this order to the District Court.

## RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION

On October 2, 2009, the defendant filed a three-part motion: (1) for full disclosure of FISA evidence; (2) that the case be transferred to a district judge; and (3) to suppress FISA evidence. [#17]  The government submits that the notice provided

above renders the defendant's motion moot at this stage of the proceedings.

First, while it is true that the government has given notice of its intent to use FISA-derived material in the course of this case, the government has expressly stated that it will not be presenting classified evidence on October 9, 2009.  More important, the government has provided notice that it does not expect a preliminary hearing to occur on October 9, 2009.  Even should the preliminary hearing occur, the government has provided sufficient notice of the information it is intending to use at the hearing.  The defendant cites no authority for his sweeping assertion that he is entitled to full disclosure of FISA-derived material before the preliminary hearing.  *See United States v. Coley*, 441 F.2d 1299, 1301 (5th Cir. 1971) (preliminary hearing's "primary function . . . is not discovery" so restriction of right to cross-examine witnesses at preliminary hearing does not violate due process).

Second, there is no need to transfer this case to a district judge at this stage because no classified evidence will be introduced on October 9, 2009, and because the government does not expect the preliminary hearing to go forward on that date.

Third, the defendant's motion to suppress evidence should be denied.  Both hearsay and unlawfully obtained evidence may be

considered by a magistrate judge when determining whether probable cause exists. *See* Fed. R. Evid. 1101(d)(3) (the Rules of Evidence do not apply to "preliminary examinations in criminal cases").

Accordingly, the Court should deny defendant's motion as moot, in part, and unfounded, in part.

**CONCLUSION**

The government respectfully provides Notice consistent with the Court's order and respectfully requests that the Court deny the defendant's motion.

Respectfully submitted this 5th day of October, 2009.

DAVID M. GAOUETTE
United States Attorney

By:    *s/Tim Neff*
       TIM R. NEFF
       Assistant United States Attorney
       U.S. Attorney's Office
       1225 17th St., Suite 700
       Denver, CO  80202
       Telephone: (303) 454-0100
       Fax:  (303) 454-0402
       e-mail:  tim.neff@usdoj.gov
       Attorney for the Government

By:    *s/Gregory A. Holloway*
       GREGORY A. HOLLOWAY
       Assistant United States Attorney
       U.S. Attorney's Office
       1225 17th St., Suite 700
       Denver, CO  80202
       Telephone: (303) 454-0100
       Fax:  (303) 454-0403
       e-mail:  gregory.holloway@usdoj.gov
       Attorney for the Government


By:    *s/William M. Narus*
       WILLIAM M. NARUS
       Trial Attorney
       Counterterrorism Section
       U.S. Department of Justice
       950 Pennsylvania Ave., NW
       Washington, DC  20530
       Telephone: (202) 307-0789
       Fax:  (202) 514-8714
       e-mail:  william.narus@usdoj.gov
       Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2009, I electronically filed the foregoing **GOVERNMENT'S NOTICE REGARDING ITS INTENT NOT TO USE CLASSIFIED MATERIAL AT THE PRELIMINARY HEARING AND RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR FULL DISCLOSURE OF FOREIGN INTELLIGENCE ACT ("FISA") EVIDENCE, TRANSFER OF CASE TO DISTRICT COURT JUDGE AND SUPPRESSION OF EVIDENCE OBTAINED UNDER FISA [#17]** using the CM/ECF system which will send notification of such filing to the following e-mail address:

Edward R. Harris
Office of the Federal Public Defender
e-mail:  Edward_Harris@fd.org


*s/Maggie E. Grenvik*
Maggie E. Grenvik
Legal Assistant
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0401
e-mail:  maggie.grenvik@usdoj.gov