IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00438-DBE

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

1.  MOHAMMED WALI ZAZI,

      Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR DISCOVERY [#27]**

---

The United States of America, by and through David Gaouette, United States Attorney for the District of Colorado,  Tim R. Neff and Gregory A. Holloway, Assistant United States Attorneys, and William M. Narus, Trial Attorney, Counterterrorism Section, United States Department of Justice, hereby files this Response to Defendant's Motion for Discovery [#27]. The Government states as follows:

**RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY**

The government has made an initial production of discovery and will continue to honor its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and Federal Rule of Criminal Procedure 16 ("Rule 16") by providing additional discovery if and when it becomes available. Contrary to defendant's suggestion, however, the law does not require the government to search for all possible exculpatory evidence on behalf of the defense. *United States v. Jones*, 34 F.3d 596, 599 (8th Cir.1994); *United States v. Meros*, 866 F.2d 1304, 1309 (11th Cir. 1989).  *See also United States v. Moore,* 25 F.3d 563, 569 (7th Cir. 1994) (concluding there was no *Brady*

violation where both parties learned after trial that government witness had previous conviction for obstruction of justice and government did not possess knowledge of this information until after trial).  Nor is the government obliged to give the defendant authority to search through the government's files.  *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987); *United States v. Burger*, 773 F. Supp. 1419, 1426 (D. Kan. 1991).

With regard to defendant's specific discovery requests, the government states as follows (numbered paragraphs correspond to those in the defendant's motion):

**A.     Statements of the Defendant (1-3)**

Pursuant to Rule 16(a)(1)(A) the government has produced the defendant's written or recorded statements that were made to federal agents on September 16, 2009, and September 18, 2009, when he was interviewed voluntarily by FBI agents.

Oral statements made by the defendant that were neither recorded nor solicited by a government agent, however, do not fall within the scope of Rule 16.  *United States v. Taylor*, 707 F. Supp. 696, 701 (S.D.N.Y. 1989); *United States v. Mebust*, 857 F. Supp. 609, 615 (N.D.Ill. 1994) (citing other authorities).  *See also United States v. McClure*, 734 F.2d 484, 492-93 (10th Cir. 1984) (oral statements are discoverable only when made in response to interrogation by known government agents).  Similarly, oral statements made by a defendant to third parties which are later documented by a government agent are also not discoverable under Rule 16.  *Mebust*, 857 F.Supp. at 615.  Rather, such statements fall under 18 U.S.C. § 3500, which provides that "no statement or report in the possession of the United States which was made by a government or potential government witness . . . shall be the subject of . . . discovery . . . until said witness has testified on direct examination in the trial of the case."  *Taylor*, 707 F.Supp. at

701. *See also United States v. Callahan,* 534 F.2d 763, 764 (7th Cir. 1976) (a government witness's written or recorded statement that recounts a defendant's prior oral statement is not a defendant's written or recorded statement under Rule 16(a)(1), but is instead a statement of a prospective government witness under the Jencks Act subject to mandatory disclosure only after the witness has testified).

Defendant cites a string of cases, beginning with *United States v. Scafe*, 822 F.2d 928, 935-36 (10th Cir. 1987), which he contends stand for the proposition that discoverable statements under Rule 16(a)(1)(A) include "all written or recorded statements made by the defendant to any person, at any time, regardless of the circumstances in which he made the statements, or whether the statements are to be introduced in the government's case-in-chief." *See* Defendant's Motion for Discovery, Doc. 27 at 3. Insofar as the defendant relies on these cases to support his claim that Rule 16(a)(1)(A) encompasses third-party statements about what the defendant said, he reads these cases too broadly. *Scafe* involved a defendant's statements in letters he wrote to his father and a fellow inmate regarding the circumstances of the fight that led to the murder for which the defendant was being tried. *Scafe*, 822 F.2d at 934-35. It did not involve a third-party's written or recorded statements about what the defendant orally said. Because of this distinguishing feature, the holding in *Scafe* has no bearing to the extent the defendant seeks disclosure not of his own written or recorded statements to third-parties, but of the written or recorded statements of third-parties regarding what he said to them. If the government comes into possession of any documents written by the defendant to another party in which he describes his role in the offense, the government will disclose such a document. Otherwise, the statements that the defendant made to third-parties which were later documented

3

by a government agent will be disclosed pursuant to the Jencks Act.  The government is under no obligation, however, to seek out information that is not in its possession.  *Jones*, 34 F.3d at 599. Nor is the government required to conduct an investigation for the defense. *United States v. Senn*, 129 F.3d 886, 893 (7th Cir. 1997).

### B.      Defendant's Prior Record

Pursuant to Rule 16(a)(1)(C), the government will provide the defendant with a copy of his prior criminal record.  However, the government is not required to indicate any intended use of that information.  *Taylor*, 707 F. Supp. at 701.

### C.      Documents and Tangible Objects

The government will make available any documents or tangible objects in its possession that are material to preparing a defense, that the government intends to introduce in its case-in-chief, or that were obtained from or belong to the defendant.  Rule 16(a)(1)(E).

### D.      Records of Physical or Mental Examinations and of Scientific Tests of Experiments

The government will provide copies of reports or conclusions of scientific tests or analyses that are material to preparing a defense or that the government intends to introduce in its case-in-chief in accordance with Rule 16(a)(1)(F).

### E.      List of Witnesses, Disclosure of the Identity of the Information, and Disclosure of Criminal Records

The government opposes the defendant's request for information regarding the government's witnesses.  The defendant is not entitled to a list of witnesses the government intends to call during its case-in-chief at this time.  *United States v. Metropolitan Enterprises, Inc.*, 728 F.2d 444, 451 (10th Cir. 1984); *Meros*, 866 F.2d at 1309; *United States v. Williams*,

875 F.2d 846, 854 (11th Cir. 1989).  There is no constitutional right to pretrial identification of witnesses that the government intends to call at trial.  *United States v. Nevels*, 490 F.3d 800, 803 (10th Cir. 2007).  Nor does Rule 16 entitle a defendant to discovery the identities of the government's non-expert witnesses before trial.  *Id.*  Furthermore, the defendant is not entitled to pretrial discovery or inspection of the criminal records of any prospective government witness.  *United States v. Lawson*, 688 F. Supp. 314, 316 (S.D. Ohio 1987); *United States v. Austin*, 99 F.R.D. 292, 301 (W.D. Mich. 1983).  The government will provide the criminal histories of those witnesses for whom it has reason to believe may have a criminal history at a date closer to trial. Criminal histories and other background information regarding government witnesses that are not within the government's custody or control are not discoverable.  *Flores*, 540 F.2d at 437-38.

####    F.    Written or Recorded Statements or Rough Notes

The government objects to defendant's request for rough notes incorporating witness statements.  Generalized notes of counsel or agents taken during a witness interview are not discoverable.  *United States v. Smaldone*, 484 F. 2d 311, 317 (10th Cir. 1973); *United States v. Brothers Construction Co. of Ohio*, 219 F.3d 300, 316 (4th Cir. 2000); *United States v. Donato*, 99 F. 3d 426, 433 (D.C. Cir. 1996); *United States v. Malone*, 49 F.3d 393, 396 ( 8th Cir. 1995); *United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995 ).   Rule 16(a)(2) also protects much of the material sought in the rough notes as it specifically exempts from discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  Finally,  the Jencks Act requires only that the Government produce "statements" of a witness and then only to the extent they relate to the witness's testimony. 18 U.S.C. § 3500(b).

G.      *Giglio* **Material**

Defendant seeks the production of any evidence of bias on behalf a witness the government will call at trial and any cooperating individual.  The government is aware of its discovery obligations, including its obligation to disclose material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and will endeavor to produce that information prior to trial. Defendant cites no authority for his broad assertion that he is entitled to information regarding any informant or cooperating individual during the course of this investigation.  Should the government call at trial a witness who has served as a confidential human source, the government will notify the defense of any benefit conferred on such a witness.

H.      **Prior Inconsistent Statements**

Defendant requests disclosure of any inconsistent statements made by witnesses in this case.  He also requests all information regarding the untruthfulness of any witnesses the government may call at trial.  The government has already provided the defendant with copies of all written reports in the government's possession.  Such reports incorporate witness statements. Defendant can determine for himself whether any of these statements are inconsistent or demonstrate a witness's propensity for untruthfulness.  The government is not required to further identify and particularize possible impeachment material for the defense.  *United States v. Kennedy*, 819 F. Supp. 1510, 1519 (D. Colo. 1993).   Furthermore, the government is under no obligation to investigate its own witnesses in order to obtain impeachment information on behalf of the defense.  *See United States v. McDonnell*, 696 F. Supp. 356, 363-64 (N.D. Ill. 1988).  *See also Jones*, 34 F.3d at 599 (prosecutor has no duty to undertake a fishing expedition in order to find impeaching evidence).

**I.        Information Regarding Witness Truthfulness**

Please see, *supra*, section H.

**J.        Prior Witness Misconduct**

Defendant's request for disclosure of prior instances of witness misconduct subject to Fed.R.Evid. 608(b) represents an attempt to have the government investigate its own witnesses for possible exculpatory material for the defense.  The law does not support such a broad request. *See United States v. McDonnell*, 696 F. Supp. at 363-64.

With regard to the defendant's request for discovery of the personnel file of any government witness, a showing of materiality is required before a defendant may access personnel records.  *See, e.g., United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir.1992) (upholding government's refusal to disclose testifying officers' personnel files based only on defendant's speculation that files contained impeachment material), *abrogated on other grounds by Hampton v. United States,* 191 F.3d 695 (6th Cir.1999); *United States v. Andrus,* 775 F.2d 825, 843 (7th Cir. 1985) (noting that mere speculation is insufficient to require *in camera* inspection of personnel files of law enforcement witnesses); *United States v. Preston,* 1996 WL 254379, *15 (D.Kan. Apr.5, 1996) (unpublished opinion) (denying defendants' requests for order requiring government to review agent's personnel records because there was no factual basis for request) . *See also United States v. Brooks,* 966 F.2d 1500, 1504 (D.C. Cir. 1992) (explaining that more than mere speculation is required to trigger government's duty to search files).

Beyond this requirement, the approved method for discovery, as proposed by the Department of Justice and upheld by the Ninth Circuit, is that the appropriate employer agency is tasked with examining the personnel files of anticipated government witnesses and then notifying

the government prosecutor of any potential *Brady* material. *United States v. Herring*, 83 F.3d 1120, 1121 (9th Cir. 1996), *citing United States v. Jennings*, 960 F.2d 1488, 1492 & n.3 (9th Cir. 1992). The government prosecutor must then make the final determination as to whether the material should be disclosed. *Id*. The prosecutor, however, is not required to conduct the examination personally. *Herring*, 83 F.3d at 1121; *Jennings*, 960 F.2d at 1491. In accordance with *Herring*, the government will ask the appropriate agency to review the personnel files of the federal government employees/witnesses that the government intends to call at trial. Unless the files contain exculpatory information, however, they are not discoverable. *United States v. Silkwood*, 893 F.2d 245, 248 (10th Cir. 1989); *United States v. Quinn*, 123 F.3d 1415, 1422 (11th Cir. 1997); *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991).

The government's duty to search files does not apply to personnel files of state law enforcement witnesses, which are not in the control of the federal prosecutor. *See United States v. Dominguez-Villa*, 954 F.2d 562, 565-66 (9th Cir. 1992) (holding that government was not obligated to review state law enforcement files not within its possession or control). The Tenth Circuit has held that the state's knowledge and possession of potential impeachment evidence cannot be imputed to a federal prosecutor for purposes of *Brady*. *United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999).

### K.      Arrest Reports

The reports of any law enforcement officer concerning contact with the defendant regarding this offense and the arrest of the defendant for this offense has been or will be disclosed.

L.       *Brady* Information

The government recognizes, and takes very seriously, its continuing obligation to disclose information favorable to the accused pursuant to *Brady.*  However, *Brady* does not create any pretrial discovery timeliness issue, so long as the ultimate disclosure is made before it is too late for the defendant to use the evidence.  *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Scarborough*, 128 F.3d 1373, 1376 (10th Cir. 1997).

M.       Defendant's Pre-Indictment Motion for Disclosure and Suppression

The defendant points out in footnote two that still pending is his Motion for, among other things, Full Disclosure of Foreign Intelligence Surveillance Act ("FISA") Evidence and Suppression of Evidence Obtained Under FISA [docket #17].  That motion, however, sought suppression and disclosure prior to the preliminary hearing.  Indeed, in paragraph seven, the defendant argues that, because a preliminary hearing cannot occur without the government introducing FISA-derived evidence, the defendant moves to suppress that evidence.  Later, the defendant sought to have the magistrate court order that the government disclose, in advance of any hearing, all documents necessary to establish the validity of FISA activity and a detailed recitation of FISA evidence obtained in this matter.  [Docket #17]  On October 5, 2009, the government responded and objected to the defendant's motion.  [Docket #19]  The magistrate court allowed the defendant to allow the motion to remain pending.

The government continues to object to defendant's motion.  The government has filed a motion pursuant to the Classified Information Procedures Act ("CIPA"), Section 2.  By that motion, the government is seeking to set discovery and motion schedules to address FISA and other classified materials and any motions related to FISA or other classified material in the

case.  As set forth in the government's motion for a CIPA section 2 hearing, CIPA is a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases.  As such, the government respectfully requests that the court address any issues relative to FISA and other classified materials at that time.

WHEREFORE, for the reasons stated above, the government respectfully requests that defendant's Motion for Discovery be denied.

Respectfully submitted this 23rd day of November, 2009.

DAVID M. GAOUETTE
United States Attorney


By:     *s/Tim R. Neff*
TIM R. NEFF
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0402
e-mail:  tim.neff@usdoj.gov
Attorney for the Government


By:     *s/Gregory A. Holloway*
GREGORY A. HOLLOWAY, WSBA #28743
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0403
e-mail:  gregory.holloway@usdoj.gov
Attorney for the Government

By:    *s/William M. Narus*
WILLIAM M. NARUS
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC  20530
Telephone: (202) 307-0789
Fax:  (202) 514-8714
e-mail:  william.narus@usdoj.gov
Attorney for the Government

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of November, 2009, I electronically filed the foregoing **"**Government's Response to Defendant's Motion for Discovery [#27]**"** using the CM/ECF system which will send notification of such filing to the following e-mail address:

Edward R. Harris
e-mail: Edward_Harris@fd.org
Counsel for Defendant


*s/Maggie E. Grenvik*
Maggie E. Grenvik
Legal Assistant
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0401
e-mail:  maggie.grenvik@usdoj.gov

12