IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00438-DME

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

1.  MOHAMMED WALI ZAZI,

      Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISCLOSE
GRAND JURY TRANSCRIPTS [#28]**

---

The United States of America, by and through David Gaouette, United States Attorney for the District of Colorado,  Tim R. Neff and Gregory A. Holloway, Assistant United States Attorneys, and William M. Narus, Trial Attorney, Counterterrorism Section, United States Department of Justice, hereby files this Response to Defendant's Motion to Disclose Grand Jury Transcripts [#28].  The government states as follows:

    **1.**      **Defendant's Particularized Need Rests on a Faulty Presumption**

Defendant requests that the government disclose any grand jury transcripts in the above matter.  The defendant rests his motion on the presumption that the FBI agents who were present for the questioning of the defendant also must have testified before the grand jury.  (Def. Mot. at 1).  He contends that he has a particularized need for such grand jury material as he believes that any transcripts of agents may reveal inconsistencies with the FBI agents' written reports documenting their interview with the defendant.  (Def. Mot. at 2)

Without revealing the full substance of the government's presentation before the grand jury, the government simply notes that defendant's presumption is wrong. Neither of the agents who interviewed the defendant provided grand jury testimony. Therefore, any grand jury transcripts disclosed in the present matter will not directly contradict the interviewing agents' report.[1] Accordingly, the defendant's particularized need rests on a misplaced presumption and therefore should be denied.

### 2.    Defendant's Motion Otherwise Fails to Point to a Particularized Need

Other than pointing to the possible inconsistencies between agents' reports and testimony, the defendant claims generally that the grand jury testimony is needed to prepare his defense. (Def.'s Mot. at 1). Defendant cites to Fed. R. Crim. P. 6(e)(3)(E)(i) when requesting grand jury material. Such provision allows for disclosure by the Court "preliminarily to or in connection with a judicial proceeding." *Id.* However, the defendant fails to point to any particularized need warranting disclosure.

The standard for obtaining grand jury material is exacting. Indeed, the Supreme Court has consistently recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings. *Douglas Oil Co. v. Petrol Stop Northwest et al.*, 441 U.S. 211, 22 (1979); *accord United States v. Rockwell Int'l Corp.*, 173 F.3d 757, 759 (10th Cir. 1999). Disclosure of grand jury materials is appropriate only in those cases where the need for it outweighs the public interest in secrecy. *Douglas Oil Co.*, 441 U.S. at 22. The burden

---

[1]Moreover, the government notes that in the event an agent testified before the grand jury in a manner materially inconsistent with a written report generated by such agent, the government would be compelled to disclose such testimony pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). As noted, such disclosure is not required in the present case.

of demonstrating this balance rests upon the party seeking disclosure. *Id.* The showing of need for the grand jury materials must be made with particularity. *Id.*

Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice, that the need for disclosure is greater than the need for secrecy, and that their request is tailored to cover only the specific materials needed. *Douglas Oil Co.*, 441 U.S. at 222; *United States v. Stone*, 174 F.3d 757, 759 (10th Cir. 1999) (disclosure of grand jury information must be limited to the claimed need)*; see also United States v. Welch*, 201 F.R.D. 521, 523-24 (D. Utah 2001) (holding that showing of particularized need required for instructions).

Defendant has failed to make such showing.

As courts routinely acknowledge, this is a difficult standard to meet. *See, e.g., United States v. Keller*, No. 89-793, 1990 WL 6642, at *4 (N.D. Ill. Jan. 5, 1990) ("the question of disclosing instructions to the grand jury has been considered in a number of cases and in each case disclosure was denied"). "The particularized need has been expressed as requiring a 'compelling necessity.'" *Welch*, 201 F.R.D. at 524. In summarizing Tenth Circuit law regarding production of grand jury material, the court in *Welch* observed that the standard is "demanding" and "stringent," "a general claim that inspection would be of benefit is not enough to breach grand jury secrecy," "anything less than a strong showing of need is inadequate," and "the materials must be needed to avoid possible injustice." *Id.*

A defendant cannot show particularized need where, as here, the Indictment is valid on its face. *Welch*, 201 F.R.D. at 525; *United States v. Espy*, 23 F. Supp. 2d 1, 10 (D.D.C. 1998) (no "particularized need" for transcripts of instructions where indictment held facially

3

valid).  Likewise, in camera review is inappropriate where the indictment is sufficient, as review under the circumstance would serve no purpose.  *Welch*, 201 F.R.D. at 525.

In support of his request, defendant cites *United States v. Evans*, 839 F.2d 656, 658 (10th Cir. 1988), where the prosecution was required to disclose grand jury transcripts. *Evans* is distinguishable to the present case.  In *Evans,* the particularized need for the transcripts was based in large part on the fact that there was a substantial passage of time – nearly 20 years – between when the events allegedly occurred and when the testimony was to be given.  *Id.* at 658-59.   Here, no such passage of time has occurred as the Indictment relates to events occurring several months ago in September of 2009.  Indeed, the defendant's generalized desire to prepare his defense or impeach the FBI agents without more particularity is insufficient to justify disclosure of grand jury transcripts.  *See In re Special Grand Jury 89-2*, 143 F.3d 565, 571 (10th Cir. 1998) ("a claimed need to impeach, standing alone does not provide a scintilla of evidence in the record to indicate that [witnesses] are less willing to truthfully testify than they were at the time of their testimony before the grand jury.") (citations omitted)*; In re Grand Jury Testimony*, 832 F.2d 60, 63 (5th Cir. 1987) (requiring a party to "point to actual inconsistencies or inability to recall" in "a particular witness' testimony" before requiring disclosure).

Indeed, trial courts have consistently denied requests for grand jury transcripts based on general requests for such items.  *See, e.g. United States v. Maestas*, No. 08-cr-00340-REB, 2009 WL 1706393, at *1 (D.Colo. 2009) (defendants' request for grand jury material based on need to cross examine prosecution witnesses and to determine if additional motions need filed "fall[s] well short of demonstrating the particularized need for pretrial disclosure.") ; *United States v. Davenport*, No. 96-40019-02-SAC, 1996 WL 509632, at *2 (D.Kan. 1996) ("It is not

4

sufficient to request wholesale disclosure of the grand jury proceeding on the mere hope of finding something useful."); *United States v. Ailsworth*, No. 94-40017-01-SAC, 1994 WL 539347, at *16 (D.Kan. 1994) ("[P]articularized need is more than a wish to go fishing for useful material").

Finally, unlike in *Evans*, the government's investigation is ongoing. Disclosure of grand jury material could compromise such investigation by prematurely revealing the scope, direction, and sources of law enforcement's inquiry.

Based on the above factors, the defendant's motion should be denied.

Respectfully submitted this 23rd day of November, 2009.

DAVID M. GAOUETTE
United States Attorney

By:    *s/Tim R. Neff*
TIM R. NEFF
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0402
e-mail:  tim.neff@usdoj.gov
Attorney for the Government

By:    *s/Gregory A. Holloway*
GREGORY A. HOLLOWAY, WSBA #28743
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0403
e-mail:  gregory.holloway@usdoj.gov
Attorney for the Government

5

By:  *s/William M. Narus*

WILLIAM M. NARUS
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC  20530
Telephone: (202) 307-0789
Fax:  (202) 514-8714
e-mail:  william.narus@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2009, I electronically filed the foregoing **"**Government's Response to Defendant's Motion to Disclose Grand Jury Transcripts [#28]**"** using the CM/ECF system which will send notification of such filing to the following e-mail address:

Edward R. Harris
e-mail: Edward_Harris@fd.org
Counsel for Defendant

s/Maggie E. Grenvik
Maggie E. Grenvik
Legal Assistant
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0401
e-mail:  maggie.grenvik@usdoj.gov