IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00438-DME

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  MOHAMMED WALI ZAZI,

      Defendant.

---

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR A PRETRIAL CONFERENCE PURSUANT
TO THE CLASSIFIED INFORMATION PROCEDURES ACT**

---

PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III § 2 ("CIPA"), to matters relating to classified information that may arise in connection with the above-captioned matter, both before and during trial.  In addition, the government submits this memorandum of law in support of the government's motion for a pretrial conference, pursuant to Section 2 of CIPA, to consider such matters.  The government further respectfully requests that the conference take place sometime in early January of 2010, or at any time convenient to the Court.

BACKGROUND

The Classified Information Procedures Act ("CIPA"), codified at 18 U.S.C. App. III, is a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases.

*United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (per curiam)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); *accord See United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); *United States v. Smith*, 780 F.2d 1102, 1106 (4th Cir.

1985) (en banc).  Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests.  *Baptista-Rodriguez*, 17 F.3d at 1363-64; *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998); *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989).

Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense."  *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990); *accord United States v. McVeigh*, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of Brady.").  Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence.  *Baptista-Rodriguez*, 17 F.3d at 1364.

A.    Section 1 - Definitions

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security.  18 U.S.C. App. III § 1(a).  "National security" means the national defense and foreign relations of the United States.  Id. at § 1(b).

CIPA applies equally to classified testimony and classified documents.  *See United States v. Lee*, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing *United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

B.    Section 2 - Pretrial Conference

Section 2 of CIPA – the section the government is invoking in the instant motion – authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution."  18 U.S.C. App. III § 2.  Following such motion, the court shall promptly hold the pretrial conference to establish:  (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA.  *Id.*  In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial.  *Id.*  No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. See S. Rep. No. 96-823, at 5-6, *reprinted in*1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney.  18 U.S.C. App. III § 2.

C.    Section 3 - Protective Order

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant.  *Id.* at § 3.  Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective

orders," *Pappas*, 94 F.3d at 801, as well as to supplement the district court's authority under

Rule 16(d)(1) to issue protective orders in connection with the discovery process.[1]  In contrast to

Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders

are to be issued, if requested, whenever the government discloses classified information to a

defendant in connection with a prosecution, *e.g. Brady* and Jencks material."  *Id*.

        D.        <u>Section 4 - Protection of Classified Information During Discovery</u>

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to

deny or otherwise restrict discovery by the defendant of classified documents and information

belonging to the United States.  18 U.S.C. App. III § 4; *see e.g. United States v. Rezaq*, 134 F.3d

1121, 1142 (D.C. Cir. 1998); *Yunis*, 867 F. 2d at 619-625.  Similarly, the Federal Rules of

Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court

"may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate

relief."  Fed. R. Crim. P. 16(d)(1).  The legislative history of CIPA makes it clear that Section 4

was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict

discovery in order to protect national security.  <u>See</u> S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N.

at 4299-4300; *see also United States v. Pringle*, 751 F. 2d 419, 427 (1st Cir. 1985).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing may authorize the United
> States to delete specified items of classified
> information from documents to be made available
> to the defendant through discovery under the
> Federal Rules of Criminal Procedure, to substitute a
> summary of the information for such classified
> documents, or to substitute a statement admitting

---

[1]Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny,
restrict or defer discovery or inspection, or grant other appropriate relief."

> relevant facts that the classified information would tend to prove.  The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III § 4.

In essence, Section 4 allows the United States to request that the court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable.  *See United States v. Libby*, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); *also United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261-62 (9th Cir. 1998); *Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25; *Pringle*, 751 F.2d at 427-28; *Kasi*, 200 F. Supp. 2d at 596 n.6.

For example, the government may request that the Court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard.  *Libby*, 429 F. Supp. at 48.  Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the place of the document.  *Id*. at 47.  If the court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any *ex parte in camera* pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal.  18 U.S.C. App. III § 4; *see also United States v. Aref*, No. 04-CR-402, 2006 WL 1877142, at *2 (S.D.N.Y. July 6, 2006).

6

E.    Sections 5 and 6 - Procedure for Cases Involving Classified Information Possessed by the Defendant

Sections 5 and 6 of CIPA apply when a criminal defendant who already possesses classified information seeks to disclose such information during the course of a trial or proceeding. *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363; *Sarkissian*, 841 F.2d at 965-66; *Collins*, 720 F.2d at 1199-1200. Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose. *See* 18 U.S.C. App. III § 5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." *Id.* Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense. *Collins*, 720 F.2d at 1199. The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information. *United States v. Badia*, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. III § 5(a). If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification and may prohibit the defendant from examining any witness with respect to such information. Id. at § 5(b).

After the defendant files the requisite notice, the government may request a hearing at which the court will make "all determinations concerning the use, relevance or admissibility" of the proposed defense evidence.  18 U.S.C. App. III § 6(a).  Upon such a request, the court shall conduct a hearing.  *Id.*  Such hearing shall be conducted *in camera* if the Attorney General certifies to the court that a public proceeding may result in the disclosure of classified information.  *Id.*  Prior to the hearing, the government must first provide the defendant with notice of the classified information that will be at issue.  Id. at § 6(b)(1).  If the particular information was not previously available to the defendant, the government may, with the court's approval, provide a generic description of the material to the defendant.  *Id.*  The court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing."  *Id.* at § 6(b)(2).

If the government requests a hearing before the proceeding at which the defendant expects to disclose the classified information, the court must issue a ruling before the proceeding commences.  *Id.* at § 6(a).  The court's ruling must be in writing and should set forth the basis for its determination as to each item of classified information.  *Id.*

If, after an *in camera* hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.  *Id.* at § 6(d).  If the court finds the classified evidence may be disclosed or elicited, the government may move for, and the court may authorize: (1) the substitution of a statement admitting relevant facts that the specific classified information would tend to prove or (2) the substitution of a summary of the classified information.  *Id*. at § 6(c)(1).

If the court denies the government's motion for substitution under Section 6(c), CIPA permits the Government by affidavit from the Attorney General to object to the disclosure of the classified information at issue. *Id.* at § 6(e)(1). Upon filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," *Id.*, and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information. *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3. Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. III § 6(e)(2). An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter to withdraw its objection to the disclosure of the information. *Id.*

Whenever the court rules classified information admissible pursuant to a Section 6(a) hearing, the court is instructed to require the government, "unless the interests of fairness do not so require," to provide the defendant with the information it expects to use to rebut the classified information. *Id.* at § 6(f). The court may place the United States under a continuing duty to disclose rebuttal information. *Id.* If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the examination by the United States of any witness with respect to such information. *Id.*

F.    <u>Section 7 - Interlocutory Appeal</u>

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a

protective order sought by the United States to prevent the disclosure of classified information. *Id.* at § 7. If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. *Id.* Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. *Id.* at § 7(b).

G.    Section 8 - Procedures Governing the Introduction of Classified Information at Trial or at Pretrial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. *Id.* at § 8. Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified. *See* S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the court to order admission into evidence of only a part of a document when fairness does not require the whole document to be considered. The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information. *Id.* at 10-11, 1980 U.S.C.C.A.N. at 4304.

Last, Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. *Id.* at 11, 1980 U.S.C.C.A.N. at 4304. Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously

held to be admissible.  18 U.S.C. App. III § 8(c).  Following an objection, the court shall take suitable action to determine whether the response is admissible "as will safeguard against the compromise of any classified information."  *Id.*  In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

> H.      Section 9 - Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.  18 U.S.C. App. III § 9(a).  The Security Procedures established by former Chief Justice Burger pursuant to this provision will be discussed in the government's Motion For a Protective Order Pursuant to Section 3 of CIPA.  The security procedures themselves are codified directly following Section 9 of CIPA.

> I.      Section 9A - Coordination Requirement

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated.  Id. at § 9A(a).

> J.      Section 10 - Identification of Information Related to National Defense

This section applies in espionage or criminal prosecutions in which the government must prove as an element of the crime charged that certain material relates to the

national defense or constitutes classified information. *See* S. Rep. 96-823 at 11-12, 1980

U.S.C.C.A.N. at 4305. In such a circumstance, Section 10 requires the government to inform the

defendant of which portions of the material it reasonably expects to rely upon to prove the

national defense or classified information element of the crime. 18 U.S.C. App. III § 10.

        K.        Sections 11-15 - Miscellaneous Provisions

        The remaining sections of CIPA contain various housekeeping provisions.

Section 11 provides for amendments to Sections 1 through 10 of CIPA. Section 12 requires the

Attorney General to issue guidelines regarding the exercise of prosecutorial discretion over cases

in which classified information may be revealed and requires preparation of written findings

when prosecution of such cases is declined. Section 13 requires the Attorney General

periodically to report such declination decisions to Congress and, where necessary, to report on

the operation and effectiveness of CIPA. Section 14 identifies the senior officials to whom the

functions and duties of the Attorney General under CIPA may be delegated. Last, Section 15

provides the effective date of CIPA.

ARGUMENT

        In the instant case, the defendant, Mohammed Wali Zazi, is charged with one count of

making false statements, in violation of 18 U.S.C. § 1001(a)(2). Due to the nature of the charges

and the expected evidence, the United States anticipates that issues relating to classified

information will arise in connection with this case. Accordingly, the United States respectfully

moves for a pretrial conference pursuant to Section 2 of CIPA to establish a discovery and

motion schedule relating to any classified information. The government further requests that the

conference take place on December 18, 2009, or at any time convenient to the Court. Prior to

12

the conference, the government will endeavor to identify all possible classified material and determine its potential applicability, nature and volume.

At the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information.  Based on that estimate, the government will request a schedule for the filing of motions, pursuant to Sections 3 and 4 of CIPA, relating to the deletion, substitution and/or disclosure pursuant to a protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure.  Id. at § 4.

Finally, pursuant to Section 4 of CIPA, the government will request that the Court authorize an *in camera*, *ex parte* submission regarding classified materials that the government believes should be subject to deletion, substitution or disclosure pursuant to a protective order. *Id.*  Courts have consistently held that such submissions are proper.  *See, e.g., United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006); *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003).

CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court hold a conference sometime in early January of 2010, or at any time convenient to the Court, to establish a discovery and motion schedule relating to any classified information, pursuant to Section 2 of CIPA.

Respectfully submitted this 23rd day of November, 2009.

DAVID M. GAOUETTE
United States Attorney


By:    *s/Tim R. Neff*
TIM R. NEFF
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0402
e-mail:  tim.neff@usdoj.gov
Attorney for the Government


By:    *s/Gregory A. Holloway*
GREGORY A. HOLLOWAY, WSBA #28743
Assistant United States Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0403
e-mail:  gregory.holloway@usdoj.gov
Attorney for the Government


By:    *s/William M. Narus*
WILLIAM M. NARUS
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC  20530
Telephone:  (202) 307-0789
Fax:  (202) 514-8714
e-mail:  william.narus@usdoj.gov
Attorney for the Government

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November, 2009, I electronically filed the foregoing "Government's Memorandum of Law in Support of Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act" using the CM/ECF system which will send notification of such filing to the following e-mail address:

Edward R. Harris
e-mail: Edward_Harris@fd.org
Counsel for the Defendant


*s/Maggie E. Grenvik*
Maggie E. Grenvik
Legal Assistant
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0401
e-mail:  maggie.grenvik@usdoj.gov