IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   09-cr-00438-DME

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MOHAMMED WALI ZAZI,

      Defendant.

_____

**DEFENDANT'S MOTION FOR FULL DISCLOSURE OF FOREIGN INTELLIGENCE SURVEILLANCE ACT ("FISA") EVIDENCE  AND SUPPRESSION OF EVIDENCE OBTAINED UNDER FISA**

_____

Comes now, Defendant Mohammed Zazi, by and through appointed counsel, Edward R. Harris and the Office of the Federal Public Defender, and moves this Court to: (1) order full disclosure of FISA evidence; (2) suppress evidence obtained under FISA.  In support of this Motion, Defendant states that:

1.     On October 1, 2009, Defendant Mohammed Zazi ("Mr. Zazi") filed a motion seeking pre-indictment FISA disclosure and suppression of FISA obtained evidence [Docket No. 17].  On November 25, 2009, this Court dismissed that motion as moot given the indictment [Docket No. 37].  Mr. Zazi agrees that portions of that motion are moot to the extent that they sought pre-indictment relief.  However, disclosure of FISA evidence at this stage and suppression of evidence obtained

pursuant to FISA remain extant and relevant issues post-indictment.  Therefore, Mr. Zazi files this motion.

2.    Discovery to date has been slow in coming.  The government has provided only some materials to Mr. Zazi's counsel.  Others are promised.  Counsel understands that a process of declassification and related decisions concerning sensitive materials are ongoing.  However, it remains true today, as it was when Mr. Zazi first asserted his FISA claims in Docket No. 17, that upon information and belief, proof of the charge against him is inextricably intertwined with evidence obtained pursuant to the Foreign Intelligence Surveillance Act of 1978 ("FISA").  First, the proof of the alleged falsity of the statement charged in the Indictment lies in telephone call(s) obtained, on information and belief, via a FISA wiretap.  Second, proof of the materiality of the statement to the investigation referenced in the Indictment is dependent upon, on information and belief, information obtained through FISA wiretaps and searches.

3.    The government itself has corroborated FISA's centrality to this case. On September 21, 2009, the government filed a Notice of Intent to Use Foreign Intelligence Surveillance Act Information ("Notice") [Docket No. 4].  In the context then of a preliminary hearing but presumably also the broader case as well, it alerted us that it intends "to offer into evidence, or otherwise use or disclose in any

proceedings in the above-captioned matter, information obtained and derived from electronic surveillance and physical search conducted pursuant to the Foreign Intelligence Surveillance Act of 1978."

4.    FISA prescribes a specific sequence of events which are governed by statute – not the Federal Rules of Criminal Procedure.  50 U.S.C. § 1806 and 50 U.S.C. § 1825.  These events are triggered when, as here, either the government gives notice of its intent to use "FISA evidence," or an aggrieved person, like Mr. Zazi, moves to suppress that evidence.

5.    FISA dictates that before the government can use "FISA evidence" in a proceeding, it must give notice.  50 U.S.C. § 1806(c) and 50 U.S.C. § 1825(d).  Once such notice is given, an aggrieved person, such as Mr. Zazi, may move to suppress such evidence "before the trial, hearing or other proceeding" in which the evidence will be used.  50 U.S.C. § 1806(e) and § 1825(f).  If the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm national security, the court must conduct an in camera review and determination concerning the evidence and any suppression issues.  50 U.S.C. §§ 1806(f) and 1825(g).

6.    The court must determine both the lawfulness of the evidence acquisition and the motion to suppress.  Pursuant to §§ 1806(g) and 1825(h), the outcome of the court's determination may require suppression of the evidence.  Further, the court's determination is a final order as a matter of law.

3

7.      Given the facts now alleged in the Indictment, counsel cannot see how the government can proceed to trial without relying on FISA evidence.  Accordingly, Mr. Zazi, pursuant to 50 U.S.C. §§ 1806(e) and 1825(f),  now moves for reasons set forth below to suppress the use of any and all such evidence.

8       Of course, with respect to suppression issues, counsel is at a severe disadvantage moving so early to suppress evidence.  He still does not know exactly what the evidence is and must rely upon the government's summary of the evidence. For example, although he knows that the government refers to at least one intercepted telephone call, he does not know what language that intercepted telephone call was in, the number of calls intercepted, the length of the entire conversations, or whether transcripts exist.  Likewise, he does not yet know the nature of physical searches conducted under FISA authority, or many other important details.  Yet, given the statute's express terms, he must move now or risk losing that right.

9.      In so doing, counsel seeks pre-suppression hearing disclosure not just of the "extent" of FISA information, but also the <u>substance</u> of the FISA evidence. Specifically, this court should order disclosure not only of all fruits of FISA surveillance and searches, such as recordings of surveillance and phone wiretaps, transcripts, and summaries of intercepted calls, but it should also order disclosure of papers submitted by the government applying for orders under FISA and all court

orders pursuant to the Foreign Intelligence Surveillance Act.  In fact, FISA permits disclosure of the government's application papers and Foreign Intelligence Surveillance Court ("FISC") orders where, as here, it is "necessary to make an accurate determination of the legality of the [surveillance or search]." 50 U.S.C. §§ 1806(f) and 1825(g).

10.    In short, the government should be ordered to produce in advance of any suppression hearing, (a) all authorizations, orders, disclosure statements, and other documents and items necessary to assess the validity of FISA activity, and (b) a detailed recitation of FISA evidence obtained in this matter.

11.    Mr. Zazi has standing to seek suppression.  Pursuant to 50 U.S.C. § 1801(k), as someone who either was the "target of an electronic surveillance" or a "person whose communications or activities were subject to electronic surveillance," he is an "aggrieved person" who may lawfully challenge FISA evidence.

12.    Therefore, based upon this very limited available knowledge, and subject to  supplementation, Mr. Zazi moves to suppress the FISA evidence in this case. Upon information and belief, counsel submits that FISA evidence in this case was obtained in violation of the law and must be suppressed because, among other reasons,

     a.    Information acquisition was not lawfully authorized, approved and conducted pursuant to FISA procedures;

     b.    Information was unlawfully acquired;

c.      Surveillance and physical searches were not made in conformity with an order of authorization or approval;

d.      Minimization procedures were lacking or, alternatively, not adequately complied with to the degree necessary to minimize the acquisition and retention of nonpublically available information concerning "unconsenting United States persons;"

e.      Information acquired by FISA means was disclosed to New York police and local officials without a simultaneous statement that information may be used in a criminal proceeding only with the advance authorization of the Attorney General – which information led directly to events on which the false statement claim is based herein; and

f.      Information acquired by FISA means was disclosed to agents of New York police and local officials without a simultaneous statement that information may be used in a criminal proceeding only with the advance authorization of the Attorney General – which information led directly to events on which the false statement claim is based herein.

g.      The FISC application papers fail to demonstrate that a "significant purpose" of the searches and surveillance was to obtain "foreign intelligence information;"

h.      The FISC application papers fail to demonstrate probable cause to believe that Mr. Zazi or any other target of interceptions was a "foreign power" or an "agent of a foreign power;"

I.      The FISC application papers fail to demonstrate probable cause to believe that any electronic information concerning or modes of electronic transmission used by Mr. Zazi or any target of intercepted calls were owned, used or possessed by a "foreign power" or an "agent of a foreign power;"

6

j.      The FISC application papers fail to demonstrate probable cause to believe that anything to which Mr. Zazi or any target of intercepted calls had a privacy interest and was subjected to electronic surveillance was being used or was about to be used by a "foreign power" or an "agent of a foreign power;"

k.      The certifications submitted as part of the FISC application papers were "clearly erroneous" within the meaning of 50 U.S.C. §§ 1805(a)(5) and 1824(a)(5); and

l.      The FISC application papers contain false statements, recklessly made, in violation of *Franks* v, *Delaware,* 438 U.S. 154 (1978).[1]

13.    Should the District Court order a hearing on Mr. Zazi's suppression motion, he asks that the matter be heard in open court.  He acknowledges, without waiving his right later to challenge it, FISA's provision that upon the filing of an affidavit from the Attorney General, that a hearing may be closed.  To date, however, no such affidavit has been filed.

---

[1]  Not having had the chance to review the FISA applications, Mr. Zazi is hampered in any effort to show a *Franks* violation. This inherent secrecy surrounding the FISA process should not innoculate the government from *Franks* concerns.  Mr. Zazi should not be penalized by denial of a *Franks* hearing because he lacks access to facts that are solely in the government's control.  Further, even absent a more particularized showing, counsel asks the Court to note the government's track record of submitting FISA applications with intentionally or recklessly false statements or materials omissions. Indeed, in at least seventy-five instances, it has confessed error relating to "misstatements and omissions of material facts" that it had made in its FISA applications. *In re All Matters Submitted to the Foreign Intelligence Surveillance Court,* 218 F. Supp. 2d 611, 620-621 (F.I.S.C. 2002), abrogated on other grounds, *In re Sealed* Case, *supra.* Thus, although Mr. Zazi does not know whether any of the FISA applications in this case are among those that the DOJ has identified as containing false statements, there is no assurance that they are not.

WHEREFORE Defendant respectfully requests that this Court: (1) order full

disclosure of FISA evidence as set forth;  and (2) suppress FISA evidence.


Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender



s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009, I electronically filed the foregoing **DEFENDANT'S MOTION FOR FULL DISCLOSURE OF FOREIGN INTELLIGENCE SURVEILLANCE ACT ("FISA") EVIDENCE AND SUPPRESSION OF EVIDENCE OBTAINED UNDER FISA** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David Gaouette, United States Attorney
    david.gaouette@usdoj.gov

Tim Neff, Assistant United States Attorney
    tim.neff@usdoj.gov

Gregory Holloway, Assistant United States Attorney
    gregory.holloway@usdoj.gov

William M. Narus
    william.narus@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mohammed W. Zazi  (via U.S. Mail)

                              s/ Edward R. Harris
                              Edward R. Harris
                              Assistant Federal Public Defender
                              633 17th Street, Suite 1000
                              Denver, CO  80202
                              Telephone:  (303) 294-7002
                              FAX:  (303) 294-1192
                              Edward_Harris@fd.org
                              Attorney for Defendant

9